UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :

**MARK WINKLER,**                           **MEMORANDUM**
                                           : **OPINION AND ORDER**
                 **Plaintiff,**
                                           :     03 Civ. 9656 (SAS)

- against -
                                            :

**METROPOLITAN LIFE INS. CO.,**
                                           :
                 **Defendant.**
------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

        Plaintiff Mark Winkler sued Metropolitan Life Insurance Company ("MetLife") under the Employee Retirement Income Security Act of 1974 ("ERISA") because he was denied long-term disability coverage. Both parties moved for summary judgment. On April 18, 2005, MetLife's motion was granted and this case was dismissed.[1] Winkler appealed MetLife's determination that he did not qualify as disabled under the MetLife employee benefits plan ("Plan"). On March 1, 2006, the Second Circuit held that the administrator's decision that Winkler was not disabled under the Plan was arbitrary and capricious.[2] This

---

[1] *See Winkler v. Metropolitan Life Ins. Co.*, No. 03 Civ. 9656, 2005 WL 911862 (S.D.N.Y. Apr. 18, 2005).

[2] *See Winkler v. Metropolitan Life Ins. Co.*, No. 05-2447-cv, 2006 WL 509387 (2d Cir. Mar. 1, 2006) (unpublished).

Court's decision was vacated and the case was remanded for further consideration by MetLife.[3]

Winkler now moves for an award of attorney's fees and costs. Winkler's moving papers seek $328,985.30[4] in attorney's fees and costs of $916.52. Winkler's reply papers seek an additional $12,189.50[5] in attorney's fees, the majority of which represents the efforts of Winkler's attorney, Scott M. Riemer, in replying to MetLife's opposition to the motion. MetLife does not challenge the hourly rates charged by Riemer ($430/hour), his associate Steven S. Deibert ($280/hour), or his paralegal Ellen R. Mayer ($130/hour). MetLife does, however, argue that the fee request is excessive because it includes $33,000 worth of time Riemer devoted to unsuccessfully opposing MetLife's motion to apply the arbitrary and capricious standard of review to this case. Furthermore, MetLife claims that $63,000 worth of Deibert's time was duplicative of work performed by

---

[3] *See id.* at *2.

[4] This figure reflects a voluntary across-the-board reduction of 10% from the lodestar amount of $365,538.50. *See* Plaintiff's Memorandum of Law in Support of an Award of Attorney's Fees and Costs ("Pl. Mem.") at 1. To account for any "inefficiency," and in "a good faith effort to eliminate duplication and waste" plaintiff voluntarily offered this 10% reduction. *See* Plaintiff's Reply Memorandum of Law in Support of an Award of Attorney's Fees and Costs at 1.

[5] The revised lodestar figure, before any reduction, is $377,728. Applying plaintiff's 10% reduction to this figure would result in a fee award of $339,955.20.

2

Riemer on Winkler's appeal. For the following reasons, Winkler's fee request is granted, but in a reduced amount.

## II. DISCUSSION

District courts have the discretion to award attorney's fees and costs in ERISA actions.[6] And district courts have the discretion to "independently review and assess the reasonableness of the claimed rates as well as hours worked."[7] An award of fees and costs is appropriate where, as here, a plaintiff obtains the vacatur of an insurance company's denial of benefits.[8] Moreover, "'a losing argument in support of a successful claim for relief is fully compensable.'"[9] Even if a plaintiff's success was only partial, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."[10]

---

[6] *See* 29 U.S.C. § 1132(g)(1).

[7] *Gatti v. Community Action Agency of Greene County, Inc.*, 263 F. Supp. 2d 496, 518 (N.D.N.Y. 2003) (citing *Jones v. Amalgamated Warbasse Houses, Inc.*, 721 F.2d 881, 884 (2d Cir. 1983)).

[8] *See Cook v. New York Times LTD Plan*, No. 02 Civ. 9154, 2004 U.S. Dist. LEXIS 8306, at *5-6 (S.D.N.Y. Apr. 13, 2004).

[9] *Id.* at *5 (quoting *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998)).

[10] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

3

In considering whether an award of fees and costs is appropriate, courts must consider the following factors: "'(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees; (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.'"[11] "No one factor by itself is dispositive, and . . . a plaintiff need not satisfy all five factors in order to recover attorney's fees and costs."[12] Here, all five factors tip in favor of a fee award. *First*, MetLife engaged in culpable conduct.[13] *Second*, it is undisputed that MetLife has the financial resources to pay a fee award of the magnitude requested. *Third*, an award of attorney's fees would deter MetLife and other insurers from violating ERISA's requirements in the future. Without an award of attorney's fees, MetLife would

---

[11] *Krizek v. Cigna Group Ins.*, 345 F.3d 91, 102 (2d Cir. 2003) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)).

[12] *Zervos v. Verizon NY, Inc.* No. 01 Civ. 685, 2002 WL 31553484, at *2 (S.D.N.Y. Nov. 13, 2002).

[13] *See Palmiotti v. Metropolitan Life Ins. Co.*, No. 04 Civ. 718, 2006 WL 1637083, at *1 (S.D.N.Y. June 9, 2006) ("An arbitrary and capricious determination by an administrator or a failure to conduct a full and fair review in connection with a plaintiff's claim for benefits satisfies the culpability factor.").

4

have little incentive to comply with ERISA as any judicially-determined liability would be limited to what it should have paid in the first place. *Fourth*, the merits of the case favor Winkler who is the prevailing party against MetLife, an insurer who violated ERISA's requirements. *Fifth*, and finally, Winkler's action against MetLife conferred a common benefit to all insureds who may apply for benefits in the future.[14]

Having determined that an award of fees and costs is appropriate, the next step is to determine the amount of that award. "In determining the number of hours reasonably expended for purposes [of] calculating the lodestar, the district court should exclude excessive, redundant, or otherwise unnecessary hours."[15] "In addition, a failure to delegate work to junior, less expensive attorneys may be grounds for reducing an award of attorney's fees."[16] Rather than comb through

---

[14] *See id.* ("[A] determination finding fault with an insured's conduct in an individual action can be considered to confer a common benefit on a group of plan participants in that the insurer will be deterred from terminating benefits without reason.") (internal quotations and citation omitted). *See also Cook v. New York Times Co. LTD Plan*, No. 02 Civ. 9154, 2004 WL 203111, at *20 (S.D.N.Y. Jan. 30, 2004) ("Defendant should be able to satisfy the award, and to require it to do so may encourage better compliance in the future, thus conferring a benefit on future claimants.").

[15] *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

[16] *Rosso v. PI Mgmt. Assocs, L.L.C.*, No. 02 Civ. 1702, 2006 WL 1227671, at *2 (S.D.N.Y. May 3, 2006).

5

detailed time sheets, a court can "exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours."[17] Numerous courts within the Second Circuit have exercised this authority and have reduced fee awards accordingly.[18]

With these principles in mind, I turn to MetLife's arguments in support of a reduced fee award. MetLife's first argument, that time was unsuccessfully spent challenging the standard of review, is rejected. As noted, a plaintiff need not be successful in every argument in order to recover fees. MetLife's second argument, regarding the duplication of effort by two attorneys, is of limited value. It is difficult, if not impossible, for a court to review time sheets and determine whether work has been duplicated simply from a description of the entries. However, with a critical eye, a court can generally gauge whether

---

[17] *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997).

[18] *See, e.g., Mr. X v. New York State Educ. Dep't*, 20 F. Supp. 2d 561, 564 (S.D.N.Y. 1998) (twenty percent reduction to account for vague, incomplete, and duplicative time entries); *General Electric Co. v. Compagnie Euralair, S.A.*, No. 96 Civ. 884, 1997 WL 397627, at *6 (S.D.N.Y. Jul. 3, 1997) (reducing the fee request by fifty percent for, *inter alia*, excessive and duplicative hours billed); *United States v. Gehl*, No. 93-CR-300, 1996 WL 31315, at *3 (N.D.N.Y. Jan. 23, 1996) (court reduced attorney's fees because "the work performed appears to be duplicative, and the time spent on a considerable portion of the services rendered excessive"); *Carrero v. New York City Hous. Auth.*, 685 F. Supp. 904, 908 (S.D.N.Y. 1988) (stating reductions will be made "where the attorneys essentially duplicated each other's efforts"), *aff'd*, 890 F.2d 569 (2d Cir.1989).

excessive hours were spent on a particular task.

Here, some of the hours charged per task appear to be excessive. For example, in the Reply Affirmation of Scott M. Riemer, Riemer claims that he spent an additional 25.40 hours since June 14, 2006, the date of the fee request motion. A review of the detailed time entries attached to the Riemer Affirmation indicates that Riemer spent 24.5 hours on preparing reply papers. This represents over three business days to prepare a ten-paged memorandum in which most of the research was already completed in connection with the moving memorandum. Furthermore, none of the work was delegated to Riemer's associate, who could have done the work at a lower billing rate. This is just one example of the "fat" that needs to be trimmed from Winkler's fee request - the detailing billing sheets include numerous instances where a disproportionate number of hours were charged for what appear to be relatively straightforward tasks.[19] For these reasons – excessive charges and lack of delegation – I find that a twenty percent across-the-board reduction in the total lodestar figure of $377,728 is warranted, rather than the ten percent reduction proposed by plaintiff.[20]

---

[19] For example, between June 29, 2005 and July 1, 2005, Deibert charged 12.4 hours for research regarding the "summary judgment standard in ERISA cases."

[20] Reimer offered MetLife a ten percent reduction. *See* Pl. Mem. at 1.

## III. CONCLUSION

For the reasons stated above, Winkler is granted an award of attorney's fees and costs in the total amount of $303,098.92. This amount represents $302,182.4 in fees and $916.52 in costs. The Clerk of the Court is directed to close this motion (Document #69).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 10, 2006

## - Appearances -

**For Plaintiff:**

Scott M. Riemer, Esq.
Riemer & Associates LLC
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

**For Defendant:**

Allan M. Marcus, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271
(212) 964-6611