**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

                       :

**MARK WINKLER,**

                       :

            **Plaintiff,**

                       :

    - against -

                       :

**METROPOLITAN LIFE INSURANCE
COMPANY,**

                       :

            **Defendant.**

-------------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**03 Civ. 9656 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/06

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On August 10, 2006, this Court awarded Mark Winkler $303,098.92 in attorney's fees and costs.[1] Metropolitan Life Insurance Company ("MetLife") now moves for reconsideration of this award under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 6.3"). Alternatively, MetLife moves for a stay of the entry and execution of the Fee Order until a final judgment is entered in this action.[2] For the following reasons, defendant's motions are denied.

---

[1] *See Winkler v. Metropolitan Life Ins. Co.*, No. 03 Civ. 9656, 2006 WL 2347826, at *4 (S.D.N.Y. Aug. 10, 2006) (the "Fee Order").

[2] On April 18, 2005, this Court granted MetLife's motion for summary judgment and dismissed Winkler's complaint. *See Winkler v. Metropolitan Life Ins. Co.*, No. 03 Civ. 9656, 2005 WL 911862, at *9 (S.D.N.Y. Apr. 18, 2005). On appeal, the Second Circuit vacated that judgment and instructed this Court to remand the case to MetLife for further proceedings. *See Winkler v. Metropolitan Life Ins. Co.*, No. 05-2447-cv, 2006 WL 509387, at *2 (2d Cir. Mar. 1, 2006). On

## I.    STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[3] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[4]   Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[5]

---

May 25, 2006, I remanded the case to MetLife for reconsideration of its decision in accordance with the terms of the Second Circuit's Order and judgment was entered accordingly. *See* 5/25/06 Order.

[3]    *See Pattterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[4]    *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

[5]    *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

Local Civil Rule 6.3 is narrowly construed and strictly applied in

order to avoid repetitive arguments already considered by the Court.[6] A motion

for reconsideration is not a substitute for appeal.[7] Nor is it "a 'second bite at the

apple' for a party dissatisfied with a court's ruling."[8] Accordingly, the moving

party may not "advance new facts, issues or arguments not previously presented to

the Court."[9]

## II.   DISCUSSION

MetLife argues that the Court's application of the five *Chambless*[10]

---

[6]   *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[7]   *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[8]   *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[9]   *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

[10]   Under *Chambless*, the following factors are relevant in deciding whether to award attorney's fees: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

3

factors was "perfunctory" and that the fee award was "virtually automatic."[11]

Specifically, MetLife argues that the Court overlooked the particular facts and

history of this case by failing to weigh the *degree* of culpability on the part of

MetLife.[12]  MetLife further argues that the Court's analysis with regard to the

third, fourth and fifth *Chambless* factors was also in error.[13]  With the exception of

the Court's ruling on the fifth *Chambless* factor, MetLife has not presented any

controlling law or factual matters which were overlooked by this Court.  Thus,

most of MetLife's arguments should be raised on appeal, not in a motion for

reconsideration.  However, to further explain the reasoning underlying the Fee

Order, I will address all of MetLife's arguments.

        A court has the discretion to award reasonable attorney's fees to

either party in an action brought under the Employee Retirement Income Security

Act of 1974 ("ERISA").[14]  In general, "attorney's fees may be awarded to the

---

[11]  Memorandum of Law in Support of Motion For Reconsideration of Order Granting Attorney's Fees or, in the Alternative, For a Stay of Entry and Execution of the Order ("Def. Mem.") at 2.

[12]  *See id.* at 3-5.

[13]  *See id.* at 5-7.

[14]  "In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).

prevailing party under ERISA in the absence of some particular justification for

not doing so."[15] "[P]laintiffs may be considered 'prevailing parties' if they succeed

on any significant issue in litigation which achieves some of the benefit the parties

sought in bringing suit."[16]  In other words, "plaintiffs must at least 'demonstrate a

change in the legal relationship' between them and defendants as a result of the

lawsuit."[17]  Thus, a plaintiff "need not recover all the relief he seeks in order to

qualify as a prevailing party for purposes of a fee-shifting statute [such as

ERISA]."[18]  Furthermore, ERISA's fee provisions should be liberally construed in

favor of protecting those who participate in employee benefits plans.[19]  Finally,

the failure to prevail on one *Chambless* factor is not necessarily dispositive.[20]

---

[15]  *Birmingham v. SoGen-Swiss Int'l Corp. Ret. Plan*, 718 F.2d 515, 523 (2d Cir. 1983).

[16]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks and citation omitted).

[17]  *Sheehan v. Metropolitan Life Ins. Co.*, No. 01 Civ. 9182, 2006 WL 2621068, at *2 (S.D.N.Y. Sept. 12, 2006) (quoting *Koster v. Perales*, 903 F.2d 131, 134 (2d Cir. 1990)).

[18]  *Id.*

[19]  *Cf. Chambless*, 815 F.2d at 872 ("ERISA's attorney's fee provisions must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved.").

[20]  *See Zimmer v. Reliance Standard Life Ins. Co.*, No. 96 Civ. 5918, 1999 WL 76896, at *1 (S.D.N.Y. Feb. 16, 1999) ("Fees may be awarded even if one of the

In the instant case, the Court analyzed the *Chambless* factors and

found that all of them supported a fee award.[21]  With regard to the first factor, I

found that MetLife engaged in culpable conduct, citing a recent district court case

for the proposition that "an arbitrary and capricious determination by an

administrator or a failure to conduct a full and fair review in connection with a

plaintiff's claims for benefits satisfies the culpability factor."[22]  On appeal of this

Court's decision denying Winkler's claim for benefits, the Second Circuit found

that MetLife's decision to deny Winkler benefits was arbitrary and capricious.

The Second Circuit summarized MetLife's misconduct in the following words:

> First, MetLife failed to weigh the evidence in concluding
> that Winkler was terminated by his employer, Jack Morton
> Co. ("Company"), for reasons unrelated to his disability (a
> combination of depression, other psychiatric conditions,
> and HIV medication side effects).  MetLife relied on a
> cursory statement by the Company's Human Resources
> department that Winkler's performance was "satisfactory,"
> while dismissing as mere "lay opinions" detailed
> statements by several of Winkler's former colleagues,
> including superiors. . . .  An administrator may, in
> exercising its discretion, weigh competing evidence, but *it
> may not, as MetLife did here, cherry-pick the evidence it*

five factors is absent.").

[21]   *See Winkler*, 2006 WL 2347826, at *1.

[22]   *See id.* n.13 (quoting *Palmiotti v. Metropolitan Life Ins. Co.*, No. 04 Civ.
718, 2006 WL 1637083, at *1 (S.D.N.Y. June 9, 2006)).

*prefers while ignoring significant evidence to the contrary.*

Second, MetLife's final denial relied (as had its consultants) on the absence of any objective cognitive testing, notwithstanding that MetLife never raised this issue with Winkler during the various stages of his application and appeal. . . .

Third, MetLife dismissed statements by Winkler's treatment providers simply because they were made soon-after, as opposed to before, his termination and because these providers did not contemporaneously document his employment disability before termination.

Fourth, MetLife based its decision entirely on the opinions of three independent consultants who never personally examined Winkler, while discounting the opinions of Winkler's three treatment providers and one independent examiner. . . .   *MetLife's exclusive reliance on second-hand opinions adds to the overall picture of its decision as less than fair.*[23]

In accordance with Second Circuit case law,[24] the conduct described above reflects

---

[23]   *Winkler*, 2006 WL 509387, at *1-2 (emphasis added).

[24]   *See, e.g., Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435, 451 (2d Cir. 2006) (stating that failure to engage in a fair and open-minded consideration of employee's claim indicated culpability on the part of the insurer); *Locher v. UNUM Ins. Co. of Am.*, 389 F.3d 288, 298-99 (2d Cir. 2004) (finding insurer's failure to adequately investigate a claim to be culpable conduct); *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (indicating that a defendant is "culpable" under *Chambless* where it "violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate") (quotation marks and citation omitted).

a level of culpability that clearly supports an award of attorney's fees.[25]

MetLife also takes issue with the Court's conclusions regarding the third, fourth and fifth *Chambless* factors. With respect to the third *Chambless* factor, MetLife argues that its "choices . . . cannot deter similar choices by other claim administrators because they can be reasonable choices in the context of particular facts and circumstances."[26] Therefore, according to MetLife, "the deterrent value of a fee award in this case is minimal at best."[27] MetLife cites a lower court decision in *Robinson v. Metropolitan Life Insurance Company*.[28] In *Robinson*, the court held that MetLife's referral of the plaintiff's claim to an internist rather than a neurological specialist was "rational, albeit erroneous, and there is no reason to believe that an award of attorney's fees would be an efficient

---

[25] Defendant relies heavily on *Tholke v. Unisys Corp.*, No. 01 Civ. 5495, 2003 WL 22077429 (S.D.N.Y. Sept. 5, 2003), *vacated on other grounds by*, No. 03-7615(L), 2004 WL 960029, at *5 (2d Cir. May 5, 2004), but this case is clearly distinguishable. In *Tholke*, the district court granted summary judgment in favor of the insurer and upheld its denial of long-term disability benefits to an employee. *See* 2003 WL 22077429, at *2. Thus, the party seeking attorney's fees, the losing plaintiff, was not the prevailing party. Furthermore, the court found that three of the five *Chambless* factors supported the denial of an award of attorney's fees. *See id.*

[26] Def. Mem. at 6.

[27] *Id.*

[28] *See* 7/14/06 Memorandum Endorsement, No. 05 Civ. 1534 (LLS), Ex. A to Def. Mem.

8

deterrent to similar well-meaning misclassifications in the future."[29] Here, the

Second Circuit held that MetLife "cherry-picked" the evidence MetLife viewed as

favorable. Unlike *Robinson*, where a relatively minor mistake was made in good

faith, MetLife's misconduct here was intentional. A substantial fee award will

serve to deter both MetLife and other insurers from disregarding proper

procedures in deciding disability claims. Thus, *Robinson* is both distinguishable

and not controlling.

MetLife argues, with respect to the fourth *Chambless* factor, that the

relative merits of the parties' positions are neutral given that Winkler's disability

claim has yet to be decided by MetLife's claim administrator upon remand.[30] A

similar argument was addressed in *Cook v. New York Times LTD Plan*, where the

trial court stated:

> Defendant's second argument is that because plaintiff was
> granted a remand instead of summary judgment, defendant
> should not be forced to pay fees, as plaintiff may never
> obtain the relief she seeks. This is irrelevant. ERISA
> provides that a beneficiary may bring a civil lawsuit "to
> recover benefits due to him under the terms of his plan, to
> enforce his rights under the terms of the plan, or to clarify
> his rights to future benefits under the terms of the plan."
> 29 U.S.C. § 1132(a)(1)(B). Attorneys' fees in ERISA

---

[29]   *Id.* at 1.

[30]   *See* Def. Mem. at 5.

9

cases are not granted based on counsel's efforts to obtain
disability benefits before a plan administrator, but based on
their efforts to vindicate their clients' rights in court. *See
id.* § 1132(g). Plaintiff sought benefits by applying to the
Plan in the first instance, not to the Court. She succeeded
in overturning the Plan's adverse determination, and in
achieving a right to submit additional proof of disability to
the Plan, and she will now return to seek those benefits
there again. [T]his Court cannot and will not reduce the
award by speculating about whether plaintiff's claim for
benefits will ultimately fail.[31]

With regard to the fifth *Chambless* factor – whether the action

conferred a common benefit on a group of plan participants – MetLife points out

that Winkler only sought relief for himself.[32] According to MetLife, its "conduct

in adjudicating this claim was not fundamentally flawed so as to result in changes

in claim procedures, but rather represented choices which could be viewed as

reasonable in the context of the specific facts and circumstances."[33] MetLife relies

on *Locher v. UNUM Life Insurance Company of America.*[34] in support of its

---

[31] *Cook v. New York Times LTD Plan*, No. 02 Civ. 9154, 2004 U.S. Dist.
LEXIS 8306, at *5-6 (S.D.N.Y. Apr. 13, 2004) (citation omitted). *See also
Palmiotti*, 2006 WL 1637083, at *1 ("Fees and costs may be awarded . . . to a
plaintiff who obtains the vacatur of an insurance company's denial of benefits and
a remand for further consideration.").

[32] *See* Def. Mem. at 6-7.

[33] *Id.* at 7.

[34] 389 F.3d at 299.

argument. In analyzing the fifth *Chambless* factor, the district court in *Locher*
held that although plaintiff's case was not a common fund case, her action "served
to bring under scrutiny the application of questionable evaluation practices . . . and
thus provided an opportunity to increase knowledge and improve procedures in a
way that may ultimately benefit others."[35] On appeal, the Second Circuit stated
that it "has not yet recognized such circumstances" as satisfying the fifth factor.[36]
Assuming, *arguendo*, that Winkler has not satisfied the fifth *Chambless* factor, the
result would remain unchanged. Four out of five factors would still favor a fee
award. Moreover, the Second Circuit has noted that "failure to satisfy the fifth
*Chambless* factor does not preclude an award of attorneys' fees."[37] In sum, for the
reasons stated above, the motion for reconsideration of the fee award is denied.
MetLife remains liable for attorney's fees and costs in the amount of
$303,098.92.[38]

---

[35] *Id.* (quotation marks omitted).

[36] *Id.*

[37] *Id.*

[38] Plaintiff now seeks an increase in the fee award to include those fees
incurred in opposing the instant motion. Because such fees do not relate to
plaintiff's ERISA action, this request is denied.

11

Finally, MetLife requests that the Fee Order be stayed until the Court issues a final judgment in this case.[39] MetLife argues that a stay is needed to preserve its right to appeal the Fee Order.[40] This argument makes no sense. This Court's May 25, 2006 Order remanding the case to MetLife is a final order. Even if this Order is not final, the subsequent Fee Order is appealable as a collateral order.[41] Because MetLife can immediately appeal the Fee Order, a stay is not required. MetLife's request for a stay is therefore denied.

## III.  CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration of the Fee Order and its motion to stay that Order are denied. MetLife is directed to pay attorney's fees and costs in the amount of $303,098.92 to the law firm of Reimer & Associates LLC by October 31, 2006. The Clerk of the Court is

---

[39]  *See* Def. Mem. at 7-8.

[40]  *See id.* at 8.

[41]  *See Sutton v. New York City Transit Auth.*, No. 04-0429-cv, 2006 WL 2468517, at *2 (2d Cir. Aug. 28, 2006) ("[O]rders adjudicating attorney's fees are normally considered sufficiently distinct from the main litigation to be appealable as collateral orders.").

12

directed to close these motions (Document # 79).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              September 28, 2006

## - **Appearances** -

**For Plaintiff:**

Scott M. Riemer, Esq.
Riemer & Associates LLC
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

**For Defendant:**

Allan M. Marcus, Esq.
Lester Schwab Katz & Dwyer, LLP
120 Broadway, 38th Floor
New York, New York 10271
(212) 964-6611

14